# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-76-8-SLP |
| | ) |
| DANIEL MORALES LARA, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

The United States Probation Office previously filed a Preliminary Report [Doc. No. 682] advising the Court that Defendant is eligible for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 728] and concedes Defendant's eligibility, but opposes any reduction of Defendant's sentence. Defendant, represented by counsel, has filed a Reply [Doc. No. 743] and seeks a reduction of his sentence to a 168-month term of imprisonment.

**I.   Background**

Defendant was sentenced on March 29, 2023. *See* Judgment [Doc. No. 472]. At sentencing, the Court adopted the final presentence investigation report PSR [Doc. No. 448] without change. Defendant's advisory guideline sentencing range was 210 to 262 months. *Id*., ¶ 67; *see also* Doc. No. 473 at 1. The Court varied downward and sentenced Defendant to 180 months' imprisonment, consisting of 180 months as to Count 1 (Drug Conspiracy) and 132 months as to Count 34 (Distribution of Methamphetamine), with the

sentences to be served concurrently.  *See* Doc. Nos. 471 and 472 at 2.  The Court varied downward based on Defendant's "[l]imited duration of involvement" in the drug conspiracy charged, his "[b]ackground history and past trauma experienced in formative years," and his "[l]ack of known criminal history."  Doc. No. 473 at 3.

Consistent with the Preliminary Report, the parties agree that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.[1]  Defendant's advisory guideline sentencing range of imprisonment is now 168 to 210 months, rather than 210 to 262 months.  Defendant argues that a further reduction of his sentence to 168 months "reflects all circumstances and concerns previously considered by th[e] Court."  Reply at 3.   The Government opposes any further sentence reduction.

**II.   Discussion**

A two-step inquiry governs whether a defendant's sentence may be reduced.  *United States v. Green,* 886 F.3d 1300, 1306 (10th Cir. 2018).  First, the Court must consider whether a defendant is eligible for a sentence reduction.  *Id.*  Second, the Court must consider whether a sentence reduction is warranted in accordance with the factors set forth in 18 U.S.C. § 3553(a).  *Id.*  As set forth, the parties agree that Defendant is eligible for a sentence reduction and the Court's independent review of the record confirms the same.  Accordingly, the Court focuses on the second step of the inquiry, which involves a matter of the Court's discretion.  *Id.*; *see also United States v. McDonald*, No. 24-7038, 2025 WL 1140251 at *2 (10th Cir. April 15, 2025) ("[T]he decision whether or not to reduce a

---

[1] Defendant's eligibility is based on Amendment 821 (Part B) which applies to certain defendants with zero criminal history points and reduces the guideline range by two offense levels.

sentence based on the particular facts of a case lies within the district court's discretion" and "review of the reasonableness of a district court's chosen sentence is highly deferential[.]").

Defendant relies on the following § 3553(a) factors to support a further reduction: (1) the goals of sentencing as embodied in 18 U.S.C. § 3553(a); (2) public safety; and (3) post-sentencing conduct. *See* Reply at 4. Defendant argues that the goals of sentencing are met as "[a] guideline sentence holding Mr. Lara responsible for all drug amounts and SOC guideline enhancements does not fail to take into account public safety considerations and deterrence." *Id*. Defendant places emphasis on the fact that he is the subject of an ICE detainer, is the subject of a final order of deportation, and will be deported to Mexico after his incarceration is complete. *Id*. And, Defendant focuses on his "excellent" post-sentencing conduct. Finally, Defendant contends that he will be serving more time than others subject to the same sentence of incarceration for the same offense due to the issuance of a final order of deportation. *Id*. at 5.

Although the Court finds Defendant is eligible for a sentence reduction pursuant to Amendment 821, upon consideration of the § 3553(a) factors, the Court declines to further reduce Defendant's sentence. Defendant's current sentence is already at the lower end of the amended guideline range. The Court has also considered the nature and circumstances of the offense -- particularly that Defendant was entrusted with a large amount of methamphetamine and drug proceeds from a significant, Mexico-based drug-trafficking organization (DTO) and it appears his primary reason for coming to the United States was his involvement with the DTO. Notwithstanding Defendant's post-sentencing conduct,

3

and the consequences attendant to his final order of deportation, the Court finds a further sentence reduction would neither benefit public safety nor be consistent with the goals of federal sentencing.[2]  Furthermore, the Court finds that the 180-month sentence is supported by several of the other § 3553(a) factors to include the seriousness of the offense, adequate deterrence to criminal conduct, respect for the law, just punishment for the offense, and to protect the public from further criminal conduct.  The 180-month sentence is sufficient, but not greater than necessary to meet the objectives set forth in § 3553(a).

### III.   Conclusion

For the reasons set forth, the Court denies any reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821.

IT IS SO ORDERED this 25th day of April, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] As Defendant acknowledges, at sentencing the Court considered Defendant's apparent lack of a criminal history as a basis for a downward variance.  *See* Reply at 3 (citing Sentencing Tr. [Doc. No. 568] at 36).  To this end, the Court notes that the two-level decrease under Amendment 821 for zero-point offenders now recognizes a defendant's lack of criminal history.  Therefore, if the Court were sentencing Defendant today, the Court would not have necessarily made a further downward variance based on his lack of criminal history.